UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EZEKIEL TRAIVON BONDS,<br><br>               Plaintiff,<br><br>   v.<br><br>BRANDT,<br><br>               Defendant. | CASE NO. 3:22-CV-5490-DGE-DWC<br><br>ORDER DENYING MOTIONS TO APPOINT COUNSEL |

Plaintiff Ezekiel Traivon Bonds, who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action, filed two requests for Court-appointed counsel. Dkt. 11, 14. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood

of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motions, Plaintiff is requesting appointment of counsel to assist him generally with his case as well as with the filing of motions seeking protective orders and change of venue or a transfer. Dkt. 11, 14. While it is not clear where Plaintiff seeks to file these motions, he is seemingly also requesting counsel to assist him in state court for his criminal case and other potential civil cases. Dkt. 11, 14. He argues he is limited in his ability to litigate this case due to his imprisonment and restricted law library time. Dkt. 11. Upon review, the Court finds the Motions contain no reasons supporting Plaintiff's need for Court-appointed counsel. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. In fact, at this time, the Court has declined to serve Plaintiff's Complaint. *See* Dkt. 12. As such, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Therefore, Plaintiff's Motions for Court-appointed counsel (Dkt. 11, 14) are denied.

Dated this 23rd day of August, 2022.

David W. Christel
United States Magistrate Judge