UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EZEKIEL TRAIVON BONDS,

                    Plaintiff,

        v.

BRANDT,

                    Defendant.

CASE NO. 3:22-CV-5490-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: September 30, 2022

        The District Court has referred this action to United States Magistrate Judge David W. Christel. Plaintiff Ezekiel Traivon Bonds, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint. Dkt. 10. By separate Order, the Court has granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 9. The Court screened the complaint under 28 U.S.C. § 1915A, identified deficiencies in the complaint, and directed Plaintiff to file an amended complaint curing the deficiencies. Dkt. 12. On August 15, 2022, Plaintiff filed an amended complaint. Dkt. 13.

        The Court has reviewed Plaintiff's amended complaint and finds Plaintiff has not cured the deficiencies identified in the Court's Order directing him to file an amended complaint.

REPORT AND RECOMMENDATION - 1

1    Therefore, the Court recommends this matter be dismissed without prejudice for failure to state a

2    claim under 28 U.S.C. §§ 1915A(a) and 1915(e).

3    **I.      Background**

4          In the amended complaint, Plaintiff, a pretrial detainee housed at the Pierce County Jail in

5    Tacoma, Washington, alleges that he has been unlawfully imprisoned (Claim II). Dkt. 13 at 6.

6    Plaintiff also asserts allegations against a corrections officer, Brandt, for unlawfully opening

7    Plaintiff's legal mail from the U.S. Supreme Court outside his presence at the Pierce County Jail

8    (Claim I). *Id.* at 9. Plaintiff requests monetary damages and "restraining order on Sheriffs,

9    change of venue." *Id.*

10    **II.     Discussion**

11          Plaintiff was notified of his complaint's deficiencies in the Order directing him to file an

12    amended complaint, but he has not cured those deficiencies with his amended complaint. *See*

13    Dkt. 12. The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to

14    mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or

15    malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief

16    against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also*

17    *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

18    1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

19    2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

20    *sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it

21    ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

22    1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also*

23    *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

24

1    A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it

2    must nevertheless contain factual assertions sufficient to support a facially plausible claim for

3    relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

4    U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

5    content that allows the court to draw the reasonable inference that the defendant is liable for the

6    misconduct alleged." *Iqbal*, 556 U.S. at 678.

7    In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

8    suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

9    the violation was proximately caused by a person acting under color of state or federal law. *West*

10   *v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The

11   first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly

12   infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff

13   must allege facts showing how individually named defendants caused, or personally participated

14   in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.

15   1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

16       A.    *Habeas Corpus versus § 1983 Action*

17   The Court initially notes that, to the extent that Plaintiff is challenging the criminal

18   proceedings against him in Claim II, such a claim must be raised in a habeas corpus petition

19   rather than in a  § 1983 complaint.

20   "Congress has determined that habeas corpus is the appropriate remedy for state prisoners

21   attacking the validity of the fact or length of their confinement." *Preiser v. Rodriguez*, 411 U.S.

22   475, 490 (1973). "A habeas petition under section 2241 is the appropriate vehicle for a challenge

23   to a person's detention when the person is in custody, but not pursuant to the judgment of a state

24

1   court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee." *Dyer v.*

2   *Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing

3   *Hoyle v. Ada Cnty.*, 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights action, in contrast, is

4   the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574

5   (9th Cir. 1991) (citing *Preiser*, 411 U.S. at 498–99) (quotations omitted).

6       Accordingly, to the extent Plaintiff is challenging the fact of his custody and seeks

7   immediate release, his claims are properly raised in a § 2241 petition, not a § 1983 complaint.

8       B.      *Younger Abstention*

9       In the amended complaint, Plaintiff alleges he has been wrongfully imprisoned for state

10  criminal charges of which he is innocent (Claim II). Dkt. 13 at 6. The Court finds Plaintiff's

11  Claim II is integrally related to his underlying state criminal proceedings and therefore the Court

12  should abstain from deciding the claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

13      Under *Younger*, abstention from interference with pending state judicial proceedings is

14  appropriate if (1) the proceedings are ongoing; (2) the proceedings implicate important state

15  interests; and (3) there is an adequate opportunity in the state proceedings to raise federal

16  questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994); *Middlesex*

17  *County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here, Plaintiff is a

18  pretrial detainee with ongoing state proceedings. *See* Dkt. 13 at 6. As these proceedings involve a

19  criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36,

20  49, (1986); *Younger*, 401 U.S. at 43-44. Finally, Plaintiff has failed to allege facts showing he

21

22

23

24

1  has been denied an adequate opportunity to address the alleged constitutional violations in the

2  state court proceedings. Accordingly, *Younger* abstention applies to this case.

3         In extraordinary cases, a federal court can intervene in a pending state matter

4  notwithstanding the *Younger* abstention rule. Federal injunctive relief against pending state

5  prosecutions is appropriate "[o]nly in cases of proven harassment or prosecutions undertaken by

6  state officials in bad faith without hope of obtaining a valid conviction and perhaps in other

7  extraordinary circumstances where irreparable injury can be shown[.]" *Perez v. Ledesma*, 401

8  U.S. 82, 85 (1971); *Carden*, 626 F.2d at 84 (*Younger* abstention appropriate despite the

9  prosecution's allegedly "unfair" charging practices and "deliberate delay" of the proceedings).

10  Plaintiff has failed to show injunctive relief is appropriate in this case.

11        Under the circumstances presented in this case, federal intervention with Plaintiff's

12  pending state criminal proceedings would be inappropriate under the *Younger* abstention

13  doctrine. Therefore, the Court recommends that Plaintiff's Claim II related to his underlying

14  state criminal proceedings be dismissed without prejudice.

15        *C.    Tampering with Legal Mail*

16        In Claim I of his amended complaint, Plaintiff alleges that his legal mail from the U.S.

17  Supreme Court was opened outside his presence by Defendant Brandt, a Pierce County Jail

18  Corrections Officer, on June 26, 2022. Dkt. 13 at 4–5. Specific restrictions on prisoner legal mail

19  have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may

20  not review outgoing legal mail for legal sufficiency before sending the mail to the court. *See Ex*

21  *Parte Hull*, 312 U.S. 546, 549 (1941). However, prison officials may require that mail from

22  attorneys be identified as such and open such mail in the presence of the prisoner for visual

23

24

1    inspection. *See Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974); *Sherman v. MacDougall*, 656

2    F.2d 527, 528 (9th Cir. 1981).

3    Whether legal mail may be opened outside the inmate's presence, however, is an open

4    question in the Ninth Circuit. *See Sherman*, 656 F.2d at 528; *cf. Mann v. Adams*, 846 F.2d 589,

5    590–91 (9th Cir. 1988) (per curiam) (concluding mail from public agencies, public officials, civil

6    rights groups, and news media may be opened outside the prisoner's presence in light of security

7    concerns). In *Sherman*, the Ninth Circuit found "[t]he law in at least three circuits is that mail

8    from attorneys may not be opened out of the presence of the addressee." 656 F.2d at 528. The

9    Ninth Circuit stated it has "not yet decided the issue." *Id.* However, the Ninth Circuit has held an

10   isolated instance or occasional opening of legal mail outside an inmate's presence does not rise

11   to the level of a constitutional violation. *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir.

12   1989).

13   Here, Plaintiff alleges his legal mail – a packet from the U.S. Supreme Court - was

14   opened outside his presence on one occasion. Dkt. 13 at 4–5. He does not allege the mail was

15   privileged communication from his attorney. *Id*. He does not allege that any portion of the legal

16   mail was damaged or missing. *Id*. Rather, he claims that Defendant Brandt admitted to opening

17   the mail in order to remove its staples. *Id*. Additionally, Plaintiff makes only conclusory

18   allegations with respect to how he was harmed by the opening of his legal mail, *e.g.*, violation of

19   his right of access to the courts, violation of his Sixth Amendment right to an attorney. Thus, the

20   Court concludes that this single instance of opening legal mail outside Plaintiff's presence does

21   not rise to the level of a constitutional violation. *See Stevenson*, 877 F.2d at 1441. Accordingly,

22   the Court recommends that Claim I relating to the tampering with legal mail be dismissed

23   without prejudice.

24

1    *D.    Leave to Amend*

2       Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro*

3    *se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior

4    to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiff

5    has been put on notice of the deficiencies of his complaint but did not cure the deficiencies. Dkt.

6    12. Accordingly, the Court recommends Plaintiff not be given additional leave to amend. *See*

7    *Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015)

8    (finding the district court did not abuse its discretion in dismissing without leave to amend

9    because the plaintiff did not cure the complaint's deficiencies despite the district court's specific

10   instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San*

11   *Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to

12   amend is particularly broad where the court has already given the plaintiff an opportunity to

13   amend his complaint.").

14   **III.    Conclusion**

15      The Court finds Plaintiff has failed to state a claim upon which relief can be granted

16   despite being notified of the deficiencies of the complaint. Therefore, the Court recommends the

17   case be dismissed for failure to state a claim and additional leave to amend not be given.

18      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

19   fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

20   6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

21   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

22   objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

23   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

24

1  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

2  September 30, 2022, as noted in the caption.

3      Dated this 16th day of September, 2022.

4

5  _____

6  David W. Christel
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 8